# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
LILLIAN TEAGUE,                      *
                                     *      No. 21-769V
                 Petitioner,         *
                                     *      Special Master Christian J. Moran
v.                                   *
                                     *      Filed: September 8, 2023
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
                 Respondent.         *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Brian L. Cinelli, Schiffmacher Cinelli Adoff LLP, Buffalo, NY, for Petitioner;
Tyler King, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION[1]

On September 7, 2023, the parties filed a joint stipulation concerning the petition for compensation filed by Lillian Teague on January 19, 2021.  Petitioner alleged that the influenza vaccine she received on January 19, 2018, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer from Guillain-Barré Syndrome ("GBS") within the time period set forth in the Table.  Alternatively, petitioner alleges that she suffered from GBS and/or Transverse Myelitis ("TM") that was caused-in-fact by the vaccine.  Petitioner further alleges that she suffered the residual effects of this condition for more than six months.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

Respondent denies that petitioner sustained a GBS Table injury; denies that the influenza vaccine caused petitioner to suffer from GBS and/or TM; and denies that the influenza vaccine caused petitioner to suffer from any other injury or her current condition.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Nevertheless, the parties agree to the joint stipulation, attached hereto.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**a.  A lump sum of $160,000.00 in the form of a check payable to petitioner.**

**b.  A lump sum of $54,895.53, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner. These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

LILLIAN TEAGUE,

        Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN
SERVICES,

        Respondent.

No. 21-769V
Special Master Moran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1.   Petitioner, Lillian Teague, filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine

Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt

of the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R.

§ 100.3(a).

2.   Petitioner received the influenza vaccine on January 19, 2018.

3.   The vaccine was administered within the United States.

4.   Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") within the time

period set forth in the Table following administration of the 2018 vaccine, or alternatively, that

she suffered GBS and/or Transverse Myelitis ("TM") that was caused-in-fact by the flu vaccine.

Petitioner further alleges that she experienced the residual effects of this condition for more than

six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that petitioner sustained a GBS Table injury; denies that the flu vaccine caused petitioner to suffer from GBS and/or TM, and further denies that the flu vaccine caused petitioner to suffer from any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

a. A lump sum of **$160,000.00** in the form of a check payable to petitioner.

b. A lump sum of **$54,895.53**, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner. These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

2

expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.     Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the influenza vaccination administered on January 19, 2018, as alleged in a petition for vaccine compensation filed on or about January 19, 2021, in the United States Court of Federal Claims as petition No. 21-769V.

3

14.    If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.    If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.    This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.    This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged injury or any other injury or her current disability, or that petitioner suffered an injury contained in the Vaccine Injury Table.

18.    All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

### END OF STIPULATION

/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

LILLIAN TEAGUE

ATTORNEY OF RECORD FOR
PETITIONER:

BRIAN L. CINELLI
SCHIFFMACHER CINELLI ADOFF LLP
737 Main Street
Suite 100
Buffalo, NY 14203
Tel: (716) 815-4722
bcinelli@scaattorneys.com

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

Henry P. by Mcmillan -S3  Digitally signed by Henry P. Mcmillan  S3  Date: 2023.08.07 14:39:33 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

TYLER C. KING
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-0730
Tyler.King@usdoj.gov

Dated: September 6, 2023